UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 19 2011 ★

BROOKLYN OFFICE

---

SECURITIES AND EXCHANGE
COMMISSION,

                              Plaintiff,

        v.

ROBERT DURANT, et al.,

                              Defendants.

Civ. No. 08-1539 (JG)(RML)

---

### FINAL CONSENT JUDGMENT OF
### PERMANENT INJUNCTION AND OTHER RELIEF
### AS TO DEFENDANT LORI CAPORICCI

Plaintiff Securities and Exchange Commission ("Commission") having filed a complaint

("Complaint") alleging that defendant Lori Caporicci ("Caporicci") violated Section 17(a) of the

Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17

C.F.C. § 240.10b-5], and defendant Caporicci having executed the Consent of Defendant Lori

Caporicci annexed hereto and incorporated herein, having acknowledged service of the

Summons and Complaint and having waived the entry of findings of fact and conclusions of law

pursuant to Rule 52 of the Federal Rules of Civil Procedure, having admitted to the jurisdiction

of this Court over her and over the subject matter of this action and, without admitting or denying

the allegations contained in the Complaint, except as to jurisdiction, which is admitted, and

having consented to the entry of this Final Consent Judgment Of Permanent Injunction And Other Relief As To Defendant Lori Caporicci ("Final Judgment"), without further notice:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant Caporicci is permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any security, by the use of any means or instrument of transportation or communication in interstate commerce or of the mails:

    (A)    employing any device, scheme, or artifice to defraud;

    (B)    obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (C)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Caporrici is permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (A)    employing any device, scheme, or artifice to defraud;

(B)     making any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(C)     engaging in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.C. § 240.10b-5].

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that in view of

defendant Caporicci  having been sentenced pursuant to her guilty plea in *United States v. Lori*

*Caporicci*, 08-CR-00289 (E.D.N.Y.) (DLI), in which she was criminally charged with engaging

in the same conduct alleged in the Commission's Complaint, to pay restitution in the amount of

$491,681 and, 5 years probation, defendant Caporicci is not additionally liable in the

Commission's civil action for disgorgement of ill-gotten gains she received as a result of the

conduct alleged in the Commission's Complaint or for civil penalties.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule

65(d) of the Federal Rules of Civil Procedure, this Final Judgment shall be binding upon

defendant Caporicci, her agents, servants, employees and attorneys, and upon those persons in

active concert or participation with her who receive actual notice of this Final Judgment by

personal service or otherwise.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the provisions of the annexed Consent be, and the same hereby are, incorporated in this Final Judgment with the same force and effect as if fully set forth herein.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

## CONSENT OF DEFENDANT LORI CAPORICCI

1.     Defendant Lori Caporicci ("Caporicci"), being fully apprised of her rights, having had the opportunity to confer with legal counsel, having read and understood the terms of the annexed Final Consent Judgment Of Permanent Injunction And Other Relief As To Defendant Lori Caporicci ("Final Judgment"), appears and admits to the jurisdiction of this Court over her and over the subject matter of this action, waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without further notice, trial or argument, and without admitting or denying the allegations of the Complaint filed by plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which is admitted, hereby consents to the entry of the annexed Final Judgment.

2.     Defendant Caporicci agrees that this Consent Of Defendant Lori Caporicci ("Consent") shall be incorporated by reference in and made part of the Final Judgment to be presented to the Court for signature, filing and entry contemporaneously herewith.

3.     Defendant Caporicci waives the right, if any, to a jury trial and to appeal from the Final Judgment.

4.     Defendant Caporicci acknowledges that any violation of any of the terms of the Final Judgment may place her in contempt of this Court and subject her to civil or criminal sanctions.

5.     Defendant Caporicci acknowledges that she enters into this Consent voluntarily, and that, this Consent and the Final Judgment embody the entire understanding of Caporicci and the Commission. Defendant Caporicci acknowledges and agrees that this proceeding, and her

Consent to the entry of the Final Judgment, are for the purpose of resolving this civil action only, and that no tender, offer, promise, threat or representation of any kind has been made by the Commission or any member, officer, attorney, agent or representative thereof with regard to: (a) any criminal liability arising from the facts underlying this action; or (b) immunity from any such criminal liability.

6.    Defendant Caporicci acknowledges that she has been informed and understands that the Commission, at its sole and exclusive discretion, may refer, or grant access to, this matter or any information or evidence gathered in connection therewith or derived therefrom, to any person or entity having appropriate administrative, civil, or criminal jurisdiction, if the Commission has not already done so.

7.    Defendant Caporicci acknowledges that, in conformity with the provisions of 17 C.F.R. § 202.5(f), her Consent and the entry of the annexed Final Judgment do not resolve, affect or preclude any other proceeding that has been or may be brought against her or anyone else. Among other things, defendant Caporicci waives any right she may have to assert that, under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the relief sought or consented to in this civil action, including the seeking or imposition of any remedy or civil penalty herein, bars any criminal action, or that any criminal action bars the relief consented to in this action.

8.    Defendant Caporicci acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with

6

respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

9.     Defendant Caporicci understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the Complaint or order for proceedings," 17 C.F.R. § 202.5(e). In compliance with this policy, defendant Caporicci agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, defendant Caporicci hereby withdraws any papers filed in this action to the extent that she denies any allegation in the Complaint. If defendant Caporicci breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects defendant Caporicci's: (a) testimonial obligations; or (b) right to take legal or factual positions in defense of litigation or other legal proceedings in which the Commission is not a party.

10.     Defendant Caporicci agrees that this Court shall retain jurisdiction of this matter for purposes of implementing and enforcing the terms and conditions of the Final Judgment and for all other purposes.

11.     Defendant Caporicci hereby consents and agrees that the annexed Final Judgment may be presented by the Commission to the Court for signature and entry without further notice or delay.

7

12.     Defendant Caporicci will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

13.     Defendant Caporicci waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to defendant Caporicci of its terms and conditions.  Defendant Caporicci agrees to execute and provide to the Commission a written declaration pursuant to 28 U.S.C. § 1746 acknowledging her receipt of the Final Judgment no later than twenty (20) days after a copy of the Final Judgment has been delivered to her counsel, David Smith, Esq., Law Offices of David Smith, 666 Old Country Road – Suite 305, Garden City, New York 11530.

14.     Defendant Caporicci hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by defendant Caporicci to defend against this action.  For these purposes, defendant Caporicci agrees that she is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, defendant Caporicci (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or

8

testimony at depositions, hearings, or trials, or in connection with any related investigation by

Commission staff; (iii) appoints her attorney, David Smith, Esq., as agent to receive service of

such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial

limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable

local rules, provided that the party requesting the testimony reimburses defendant Caporicci's

travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates;

and (v) consents to personal jurisdiction over her in any United States District Court for purposes

of enforcing any such subpoena.

Dated: _7/14_, 2011

_Lori Caporicci_
Lori Caporicci

On _July 14_, 2011, Lori Caporicci, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

DEANNA SECCHINI
Notary Public, State of New York
Qualified in Richmond County
Reg. No. 01SE6144707
My Commission Expires April 24, 2014

Notary Public
Commission expires: 4/24/14

SO ORDERED:

s/John Gleeson ___12/15/11___
UNITED STATES DISTRICT JUDGE

9



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 World Financial Center, Suite 400
NEW YORK, N.Y. 10281

WRITER'S DIRECT LINE
(212) 336-0041

December 13, 2011

**By UPS**

The Honorable John Gleeson
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     **SEC v. Robert Durant, et al., 08-cv-1539 (EDNY) (JG)(RML)**

Dear Judge Gleeson:

On behalf of plaintiff Securities and Exchange Commission, I enclose for Your Honor's consideration and approval the proposed Final Consent Judgment of Permanent Injunction and Other Relief as to Defendant Lori Caporicci. Should Your Honor enter the proposed final consent judgment, this will fully resolve all of the Commission's claims against this defendant. For the Court's convenience, I have enclosed two courtesy copies of the consent judgment.

Respectfully Yours,

Kenneth Byrne
Enforcement Division

Enclosures

cc:     Brian King, Esq. (Counsel for Lori Caporicci)