UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                          Plaintiff,

       v.

ROBERT DURANT, et al.,

                         Defendants.



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 26 2012 ★
BROOKLYN OFFICE

08-CV-1539 (JG)(RML)

### FINAL JUDGMENT OF PERMANENT INJUNCTION AND DISGORGEMENT AS TO DEFENDANTS JAMES BENNETT AND BEARCAT FINANCIAL SERVICES, INC.

The Court, having entered a Consent Judgment against defendants James Bennett and Bearcat Financial Services, Inc, (collectively, "Defendants") on October 7, 2011, which awarded certain injunctive relief against Defendants and granted plaintiff Securities and Exchange Commission ("Commission") the right to seek certain monetary relief; having considered the Commission's March 29, 2012 motion (pursuant to the Consent Judgment) for disgorgement, prejudgment interest thereon, and civil money penalties (the "Motion") and the Defendants' opposition thereto; and having held a hearing on July 10, 2012 regarding the Motion; and for the reasons stated by the Court at the July 10, 2012 hearing on the Motion, hereby GRANTS the Motion in part and DENIES the Motion in part and issues this Final Judgment against Defendants:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with

them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are jointly and severally liable for, and ordered to pay, disgorgement in the amount of $119,395. Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; James Bennett and Bearcat Financial Services, Inc. as defendants in this action; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all

3

legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment through collection procedures authorized by law at any time after 14 days following entry of this Final Judgment. Post-judgment interest on any delinquent amounts shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Commission's requests for prejudgment interest on the disgorgement amount and for civil money penalties pursuant to Section 20(d)(1) of the Securities Act and Section 21(d)(3) of the Exchange Act be, and they hereby are, DENIED.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: July 25, 2012

                                              **SO ORDERED:**

                                              s/John Gleeson
                                              **UNITED STATES DISTRICT JUDGE**